**FILED**
August 06, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ABISAI ASAEL HERNANDEZ-CORTEZ, A# 221 371 885,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **NO. SA-26-CV-04441-OLG** |
| **WARDEN, South Texas ICE Processing Center, ET AL.,** | § | |
| **Respondents.** | § | |

## DISMISSAL ORDER

Before the Court is the second 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Petitioner **Abisai Asael Hernandez Cortez.**[1] (Dkt. No. 1). Respondents have responded. (Dkt. No. 5). Upon review, the Court finds that the Petition should be and hereby is **DISMISSED WITHOUT PREJUDICE.**

The Court previously ordered that Petitioner be given a bond hearing, *see Hernandez-Cortez v. Blanche, et al.*, No. 5:26-CV-02547-OLG, Dkt. No. 5 (W.D. Tex. May 13, 2026), and on May 18, 2026, Petitioner received one. *See id.* at Dkt. No. 6, Ex. A. The immigration judge denied bond based on the finding that Petitioner is a "high flight risk such that no amount of money will insure his presence in court." (*Id.*). Petitioner filed the instant case on July 14, 2026, asserting that his detention violates due process and seeking immediate release from custody or a new bond hearing. (Dkt. No. 1).

[1] This matter was first assigned to the Honorable Jason Pulliam. However, it was transferred to the Undersigned by Order dated July 30, 2026, pursuant to Subpart B of Section IV of the Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions, and this Court's first-to-file rule for civil cases. (Dkt. No. 6); *see* https://www.uxwd.uscourts.gov/judges-information/standing-orders/ (last visited Aug. 5, 2026).

Under the INA, the Court lacks jurisdiction to review an immigration judge's denial of bond following the custody redetermination hearing to which those detained under 8 U.S.C. § 1226(a) are entitled. Although Petitioner, as an applicant for admission mandatorily detained under 8 U.S.C. § 1225(b)(2)(A), was not entitled under the INA to such a bond hearing, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026) (holding that "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States"), the Court determined that Petitioner was still entitled to as much process as those detained under § 1226(a), albeit on due process, rather than statutory, grounds. *See Hernandez-Cortez v. Blanche, et al.*, No. 5:26-CV-02547-OLG, Dkt. No. 5. It cannot now conclude, however, that an applicant for admission is entitled to even greater process with respect to custody redeterminations than those who are statutorily entitled to such redeterminations.

Although § 1226(e) does not deprive the Court of jurisdiction "to review statutory and constitutional challenges," *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)), Petitioner's claim is, in essence, a challenge to the immigration judge's weighing of the evidence and factual findings—a challenge the Court may not entertain.[2] *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision ... regarding the detention of any alien or the revocation or denial of bond or parole."); *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737–38 (S.D. Tex. 2025); *Shcherbinin*, 2025 WL 3687739, at *2; *see also Leon-Gonzalez v. Anda-Ybarra*, No. 26-CV-26-JKP, Dkt. No. 12 at *3 (W.D. Tex. Feb. 10, 2026);

[2] Petitioner states in his Petition that the immigration judge denied bond "solely on jurisdictional grounds under a disputed statutory theory." (Dkt. No. 1). This is inaccurate. The immigration judge specifically denied bond based on its finding that Petitioner is a "high flight risk," making no reference to denial based on statutory grounds *See Hernandez-Cortez v. Blanche, et al.*, No. 5:26-CV-02547-OLG, Dkt. No. 6, Ex. A. Petitioner also states he never received a meaningful, individualized opportunity to contest his continued detention. (Dkt. No. 1). This is also inaccurate. *See Hernandez-Cortez v. Blanche, et al.*, No. 5:26-CV-02547-OLG, Dkt. No. 6, Ex. A.

*Shcherbinin v. Rice*, No. 25-CV-1496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 3698403 (W.D. La. Dec. 19, 2025). Because § 1226(e) precludes judicial review of the IJ's evaluation of the evidence with respect to custody redeterminations, the Court may not consider Petitioner's second request for habeas relief.

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on August 6, 2026.

ORLANDO L. GARCIA
United States District Judge