**FILED**
August 21, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ABISAI ASAEL HERNANDEZ-CORTEZ, A# 221 371 885,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **NO. SA-26-CV-04441-OLG** |
| **WARDEN, South Texas ICE Processing Center, ET AL.,** | § | |
| **Respondents.** | § | |

## AMENDED ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

On August 6, 2026, the Court dismissed *pro se* Petitioner Abisai Asael Hernandez Cortez's 28 U.S.C. §2241 Petition for Writ of Habeas Corpus.[1] (Dkt. Nos. 1, 7). The Court found Petitioner was challenging the Immigration Judge's denial of bond, over which this Court has no jurisdiction under 8 U.S.C.A § 1226(e). (Dkt. No. 7). Petitioner has now filed a motion for reconsideration and to alter or amend the judgment on the ground that he did not intend to challenge the IJ's denial of bond; rather, although admitting his presentation suggested a challenge to the IJ's bond decision, in actuality he sought to challenge the constitutionality of his continued detention under the Due Process Clause of the Fifth Amendment. (Dkt. No. 8). Upon liberal review of the Petition and the post-judgment motion, the Court will construe the Petition as Petitioner now claims he intended. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding pleadings by *pro se* litigants must be construed liberally); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (same). Accordingly,

---

[1] This matter was first assigned to the Honorable Jason Pulliam. However, it was transferred to the Undersigned by Order dated July 30, 2026, pursuant to Subpart B of Section IV of the Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions, and this Court's first-to-file rule for civil cases. (Dkt. No. 6); *see* https://www.txwd.uscourts.gov/judges-information/standing-orders/ (last visited Aug. 20, 2026).

upon reconsideration of the Petition and the Response thereto, the Court finds the Petition should be and hereby is **DENIED**. (Dkt. No. 1).

## BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States without inspection in 2010 and was apprehended and detained by immigration authorities for the first time on December 2, 2025. (Dkt. No. 1); *see Hernandez Cortez v. Blanche, et al.*, No. 5:26-CV-02547-OLG, Dkt. Nos. 1, 4 (W.D. Tex. May 13, 2026). Petitioner was then placed in removal proceedings and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present without admission or parole. *See Hernandez Cortez*, No. 5:26-CV-02547-OLG, Dkt. No. 4. Petitioner remains mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of his full removal proceedings.[2]

The Court previously ordered that Petitioner be given a bond hearing, and on May 18, 2026, Petitioner received one. *See Hernandez Cortez*, No. 5:26-CV-02547-OLG, Dkt. Nos. 5; 6, Ex. A. The immigration judge denied bond based on the finding that Petitioner is a "high flight risk such that no amount of money will insure his presence in court." *Id.* at Dkt. No. 6. Petitioner filed the instant case on July 14, 2026, seeking immediate release from custody or a new bond hearing. (Dkt. No. 1). As noted above, this Court ordered the Petition dismissed, finding Petitioner was challenging the IJ's denial of bond over which this Court lacked jurisdiction. (Dkt. No. 7); *see* 8 U.S.C. § 1226(e). Petitioner has now filed a post-judgment motion challenging the dismissal and arguing he did not intend to challenge the IJ's bond decision, but his prolonged detention based on

---

[2] Although Petitioner was ordered removed on May 14, 2026, he timely appealed the removal order to the Board of Immigration Appeals and, thus, it is not yet administratively final. *See* Automated Case Information (last visited Aug. 20, 2026); *see also* 8 C.F.R. § 1241.1 (providing that order of removal becomes final upon "dismissal of an appeal by the Board of Immigration Appeals"). Once the order of removal becomes administratively final, the Government has 90 days to physically remove Petitioner from the United States, during which time detention is mandatory. *See* 8 U.S.C. § 1231; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

due process under the Fifth Amendment—and possibly the burden of proof at the bond hearing. (Dkt. No. 8). In the interest of justice, the Court will now consider Petitioner's due process claims.

## JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g.*, *Perez-Puerta v. Johnson*, No. 25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 (N.D. Tex. 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate [her] alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## ANALYSIS

### *A. Prolonged Detention*

Petitioner contends his detention—since December 2, 2025—has become prolonged, violating his rights to due process under the Fifth Amendment. (Dkt. Nos. 1, 8). Admittedly there are constitutional limitations on the permissible length of detention for aliens who have a final order of removal because "post-removal-period detention, *unlike detention pending a determination of removability*, has no obvious termination point." *Demore v. Kim*, 538 U.S. 510, 529 (2003) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001)). However, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* at 530. As such, any duration-based claim is unavailable here because Petitioner's detention has "a definite termination point: the conclusion of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *see Maramba v. Mukasey*, No. 08-CV-351, 2008 WL 1971378, at *4 (N.D. Tex. Apr. 28, 2008). Petitioner may be frustrated by the length of his detention, but his detention is only ongoing because his removal proceedings are ongoing. As recognized by the Eighth Circuit, an alien detainee like Petitioner "has the keys in his pocket and can end his detention immediately by withdrawing his defense and returning to his native land." *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024). Thus, the Court finds the Petition is subject to denial to the extent it challenges Petitioner's continued detention based on the Fifth Amendment's Due Process Clause.

### *B. Burden of Proof at Bond Hearing*

Although unclear, Petitioner may also be contending his due process rights were violated when the IJ placed the burden of proof on him at the bond hearing to prove he is neither a danger nor flight risk. (Dkt. Nos. 1, 8). To the extent he makes this argument, Petitioner is mistaken. This

Court has repeatedly held that "requiring Petitioner to bear the burden of proof at his bond hearing does not offend his right to due process." *E.g., Rahimi v. Thompson*, No. 5:25-CV-01338-OLG, Dkt. No. 23 at 5-6 (W.D. Tex. Apr. 7, 2026). Accordingly, to the extent Petitioner asserts a due process challenge based on the burden of proof at his bond hearing, his Petition must be denied.

**CONCLUSION**

Based on the foregoing, *pro se* Petitioner Abisai Asael Hernandez Cortez's Motion for Reconsideration and to Alter or Amend the Judgment (Dkt. No. 8) is **GRANTED** to the extent it seeks reconsideration of the Court's August 6, 2026 Dismissal Order (Dkt. No. 7). The Court has reconsidered is prior Dismissal Order and reconstrued the Petition as asserted by Petitioner in his post-judgment motion. Based on the reconsideration, the Court's August 6, 2026 Dismissal Order (Dkt. No. 7) is hereby **AMENDED** such that *pro se* Petitioner Abisai Asael Hernandez Cortez's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DENIED**.

This Order is a **FINAL JUDGMENT**.

It is so **ORDERED**.

**SIGNED** on August 21, 2026.

ORLANDO L. GARCIA
United States District Judge